IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIGEL DEDIEECE CARTER,** | : | CIVIL ACTION NO. 1:22-CV-1010 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CHESTER COUNTY PRISON,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Nigel Dedieece Carter, who is currently incarcerated in the State Correctional Institution-Camp Hill ("SCI-Camp Hill") awaiting a criminal trial in the Chester County Court of Common Pleas, seeks habeas corpus relief based on unspecified constitutional violations by respondents. We will summarily dismiss the petition.

**I.      Factual Background & Procedural History**

Carter is awaiting trial on criminal charges in the Chester County Court of Common Pleas for conspiracy to manufacture, deliver, or possess controlled substances and for conspiracy to possess controlled substances by a person not registered to do so. See Commonwealth v. Carter, No. CP-15-CR-0001929-2021 (Chester Cty. Ct. Common Pleas filed June 15, 2021). Carter filed the instant petition in the United States District Court for the Eastern District of Pennsylvania on June 21, 2022. (Doc. 2). The court transferred the petition to this district on June 27, 2022, because Carter is currently incarcerated in SCI-Camp Hill. (Doc. 5).

Carter's petition does not raise any specific arguments for habeas corpus relief, but it requests a court order enjoining respondents from detaining him pending his criminal charges in the Court of Common Pleas. (Doc. 1). This is the second case in which Carter has sought such relief. We dismissed the previous case without prejudice because Carter had failed to show extraordinary circumstances warranting pre-conviction habeas corpus relief. Carter v. Clerk of Courts, No. 1:22-CV-580, 2022 WL 1309160, at *1 (M.D. Pa. May 2, 2022) (Conner, J.) (citing Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975)).

## II.  Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.  Discussion

We will dismiss the habeas corpus petition for the same reasons we dismissed Carter's previous petition. Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. Moore, 515 F.2d at 443 (citing Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484 (1973)). Carter has not shown that he has exhausted state court remedies, nor

2

has he made any arguments as to why there is a special need for habeas corpus relief or extraordinary circumstances that would justify such relief.

## IV.     Conclusion

We will dismiss the petition (Doc. 2) for writ of habeas corpus without prejudice.  A certificate of appealability will not issue because no reasonable jurist would disagree with this procedural ruling.  Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 777 (2017).   An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     July 28, 2022